IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEDPRO HEALTH PROVIDERS, LLC, an Illinois Corporation, Individually and on behalf of the Class Members defined herein, <br><br> *Plaintiff*, <br><br> vs. <br><br> THOMAS E. PRICE, in his official capacity as Secretary of the Department of Health and Human Services, <br><br> and <br><br> ADVANCEMED CORPORATION and NCI INFORMATION SYSTEMS, INC. d/b/a ADVANCEMED, an NCI Company, <br><br> *Defendants*. | Case No. – 17-CV- |

## COMPLAINT

MEDPRO HEALTH PROVIDERS, LLC ("MEDPRO") an Illinois Limited Liability Company seeks mandamus relief against THOMAS E. PRICE, in his official capacity as the Secretary ("Secretary") of the Department of Health and Human Services ("HHS") for violations of Title XVIII of the Social Security Act ("the Medicare Act") and its relevant rules and regulations including but not limited to 42 CFR Part §§405 et seq and in derogation of 42 USC 1320c-6(b), for damages sounding in Fraud, individually and through a Class Action against ADVANCEMED CORPORATION and/or NCI INFORMATION SYSTEMS, INC. d/b/a ADVANCEMED, an NCI Company (collectively "ADVANCEMED").

### INTRODUCTION

1. The Centers for Medicare and Medicaid Services ("CMS") rules provide that in the case of payment suspension initiated against a provider by a Zone Program Integrity

1

Contractor ("ZPIC") that the provider be given the opportunity to submit a rebuttal statement within a time certain.

2. The CMS rules require that the ZPIC at the guidance of CMS review not only the rebuttal statement but also all documentation submitted with the rebuttal statement.

3. That following ADVANCEMED's notice of a payment suspension directed to MEDPRO and submission by MEDPRO of a timely filed rebuttal statement ("rebuttal statement"), ADVANCEMED, in its stead as a ZPIC, responded ("response") asserting that it reviewed the rebuttal statement in its entirety including additional medical documentation in support of claims for payment advanced by MEDPRO ("additional documentation').

4. Contrary to the response, ADVANCEMED admitted to MEDPRO that it is their policy to never review additional documentation submitted with rebuttal statement and that CMS has instructed ADVANCEMED not to review the additional documentation

5. ADVANCEMED's failure to review the additional documentation is in violation of the Medicare Act and applicable rules and regulations and its Statement of Work with CMS.

6. ADVANCEMED's statement to MEDPRO that it would & did review the supplemental records was fraudulent.

7. ADVANCEMED's fraudulent activity is properly the subject of a class action.

**PARTIES**

8. Plaintiff MEDPRO is an Illinois limited liability company, licensed as a home healthcare agency in the State of Illinois. MEDPRO is authorized to provide home healthcare services to Medicare beneficiaries.

9. Defendant THOMAS E. PRICE is the HHS Secretary with authority over the Medicare program. The Secretary maintains the HHS headquarters in Washington, D.C.

10. The Centers for Medicare & Medicaid Services ("CMS"), a unit of the Department of Health and Human Services ("HHS"), acts as the Secretary's designee in overseeing the Medicare program.

11. That ADVANCEMED CORPORATION is a foreign corporation registered with the Illinois Secretary of State to do business in the State of Illinois. That upon best information and belief that ADVANCEMED CORPORATION conducts business in the State of Illinois under the identity of ADVANCEMED, an NCI Company.

12. That NCI INFORMATION SYSTEMS, INC. ("NCI") is a foreign corporation registered with the Illinois Secretary of State to do business in the State of Illinois. That NCI conducts business in the State of Illinois under the identity of ADVANCEMED, an NCI Company.

13. That for purposes of this Complaint, ADVANCEMED CORPORATION and NCI INFORMATION SYSTEMS, INC. are referred to collectively as ADVANCEDMED.

14. ADVANCEMED is a Zone Program Integrity Contractor ("ZPIC") providing services to CMS pursuant to an agreement between ADVANCEMED and CMS. Upon best information and belief, ADVANCEMED maintains offices in the Grove City, Ohio and conducts business in the State of Illinois.

15. CMS is responsible to ensure that ZPICs including ADVANCEMED provide services to CMS in compliance with all laws, including but not limited to the Medicare Act and all applicable rules and regulations.

**JURISDICTION AND VENUE**

16. This Court has jurisdiction over this case pursuant to the Medicare Act and all applicable rules and regulations.

17. Venue in this Court is proper under 28 U.S.C. § 1391(e).

## FACTUAL ALLEGATIONS

18. That in March of 2016, in its role as a ZPIC, ADVANCEMED directed correspondence to MEDPRO for the purpose of conducting a medical review of 32 patient charts.

19. On or about March 22, 2016, MEDPRO tendered the medical documents to ADVANCEMED.

20. On November 16, 2016, ADVANCEMED sent a Notice of Suspension of Medicare Payments to MEDPRO (Exhibit "1" also "Notice of Suspension").

21. The Notice of Suspension did not sound in fraud.

22. Rather the basis of the Notice of Suspension was:

The suspension of MEDPRO's Medicare payments is based on reliable information that an overpayment exists or that the payments to be made may not be correct.

23. The Notice of Suspension states *inter alia:*

Pursuant to 42 C.F.R. §405.372(b)(2), you have the right to submit a rebuttal statement in writing addressing why the suspension should be removed. You may include with this statement any evidence you believe is pertinent to your reasons why the suspension should be removed … If you submit a rebuttal statement, CMS will review that statement **(and any supporting documentation) along with other materials associated with the case.**

Emphasis added.

24. On December 6, 2016, MEDPRO submitted a rebuttal statement that included a thorough examination of the sample matters upon which ADVANCEMED based its payment suspension and submitted substantial supporting documentation, in the form of additional medical documentation and the affidavit of one of the primary care physicians of a patient subject to ADVANCEMED's review.

25. In addition to the rebuttal statement, MEDPRO provided a minimum of 3 banker's boxes of documentation comprised of new and original documentation, clearly marked for ADVANCEMED's ease of reference.

26. That pursuant to §405.375(a), ADVANCEMED was required to respond within 15 calendar days of delivery, on or before December 22, 2017.

27. On December 28, 2017, ADVANCEMED delivered to MEDPRO a basically boilerplate response to the rebuttal statement (Exhibit "2") maintaining their prior position and payment suspension.

28. Specifically, ADVANCEMED's response stated:

After reviewing the statement, **supporting documentation** and the facts and law supporting suspensions, CMS has decided to continue to suspension of payment.

Emphasis added.

29. On January 6, 2017 pursuant to a scheduled conference call, the Chief Executive Officer of MEDPRO, Rizaldy Villasenor ("Villasenor") spoke telephonically with L. McGee, a Program Integrity Analyst, ("McGee) and Kathlene Gruettner, a PI Supervisor, ("Gruetner") for ADVANCEMED to discuss the payment suspension.

30. On January 6, 2017, Villasenor asked Gruetner why ADVANCEMED's response did not address the additional/supporting documentation as submitted with the rebuttal statement.

31. That ADVANCEMED through Gruetner stated that it is the policy of ADVANCEMED not to review additional documentation, including medical records as submitted with the rebuttal statement, and that ADVANCEMED had no obligation to review the additional documentation.

32. That Gruetner stated that ADVANCEMED never reviews additional/supporting documentation.

33. Further ADVANCEMED through Gruetner stated that CMS does not want ADVANCEMED to review the additional documentation, including medical records.

34. Gruetner further stated that she has been employed by ADVANCEMED for a

5

very long time and that she does not recall ever recommending lifting a payment suspension.

35.   That the statements in Paragraphs 30 through 34 are hereinafter collectively referred to ("AdvanceMed Statements of January 6, 2017").

## RELEVANT LAW

*CMS must provide Provider the opportunity to submit a Rebuttal Statement*

36.   42 C.F.R. §405.372(b)(2) states *inter alia:*

(b) Rebuttal
(2) If prior notice is not required. If, under the provisions of paragraphs (a)(2) through (a)(4) of this section, a suspension of payment is put into effect without prior notice to the provider or supplier, the Medicare contractor **must**, once the suspension is in effect, give the provider or supplier an opportunity to submit a rebuttal statement as to why the suspension should be removed.

*CMS must provide a response within 15 days of receipt of the Rebuttal Statement*

37.   §405.375(a) and §8.3.2.2.5 of the Medicare Program Integrity Manual ("PIM") **requires** that ADVANCEMED provide a response to the Provider's Rebuttal Statement within 15 calendar days from receipt of the rebuttal statement.

*CMS' review and response to the Rebuttal Statement must be Substantive following a review of additional information/Evidence*

38.   §405.375(a) requires *inter alia*:

(a) Submission and disposition of evidence. If the provider or supplier submits a statement … under 405.372(b)(2), why a suspension should be terminated, CMS, the intermediary, or carrier must within 15 days, from the date the statement is received, consider the statement (**including any pertinent evidence submitted), together with any other material bearing upon the case**, and determine whether the facts **justify** the suspension, offset, or recoupment or, if already initiated, justify the termination of the suspension, offset or recoupment. (Emphasis added).

*CMS must provide Specific Findings in its Response to the Rebuttal Statement*

39.   §405.375(b) requires *inter alia*:

(b) Notification of determination. The Medicare contractor must send written notice of the determination made under paragraph (a) of this section to the provider or supplier. The notice **must contain specific findings on the conditions upon which the suspension is initiated,**

**continued, or removed and an explanatory statement of the determination.** (Emphasis added).

40. §8.3.2.2.5 of the PIM states:

Review of Rebuttal – Because suspension actions are not appealable, the rebuttal is the provider's only opportunity to present information as to why suspension action should be not be initiated or should be terminated. ZPICs **shall carefully review the provider's rebuttal statement and pertinent information, and shall consider all facts and issued raised by the provider**. **(Emphasis added).**

*ADVANCEMED as a ZPIC is bound to follow the Medicare Program Integrity Manual*

41. Section 1.7.1 (Medical Review) and 2.4.1 (Benefit Integrity) of the Zone Program Integrity Statement of Work ("SOW") as published by CMS require that ZPICs, including ADVANCEMED, perform reviews in accordance with the PIM.

42. To be sure §1.3.3. of the PIM states that ZPICs "shall follow all sections of the PIM" and "shall follow the PIM to the extent outlined in their [Statement of Work]s." See also *Reg'l Med. Transp., Inc. v. Highmark, Inc.*, 541 F. Supp. 2d 718 (PA E.D., 4/2/2008).

**COUNT I (MANDAMUS) – ALL PARTIES**

43. MEDPRO realleges and incorporates by reference ¶¶ 1-41.

44. The Secretary, through its ZPICs, has a plainly defined and nondiscretionary duty to properly and completely respond to MEDPRO's Rebuttal Statement, including but not limited to a review additional documentation, including medical records pursuant to §405.375(a) and §8.3.2.2.5 of the PIM.

45. The Secretary has failed to carry out that duty.

46. MEDPRO has been irreparably injured because of the Secretary's failure to carry out that duty.

47. MEDPRO has an adequate remedy at law to redress the Secretary's violation the requirement under §405.375(a) and §8.3.2.2.5 of the PIM, however the failure of the Secretary to

ensure the enforcement of the remedy at law has deprived MEDPRO of its rights of review.

48. That MEDPRO through its Rebuttal Statement and telephone conference of January 6, 2017, has requested the Secretary through ADVANCEMED to review the additional documentation, including medical records, however such request was denied.

49. Our Federal Courts have recognized the "withholding of payments, which may be properly due, is a deprivation which may itself punish or destroy the supplier." *Electro-Therapeutics, Inc. v. Bowen*, 1988 U.S. Dist. LEXIS 998 (NY S.D. Feb. 2, 1988).

50. That MEDPRO respectfully seeks in Mandamus that this Honorable Court require the Secretary to complete its review of the Rebuttal Statement in full and complete compliance with §405.375(a) and §8.3.2.2.5 of the PIM.

### COUNT II (FRAUD) – ADVANCEMED ONLY

51. That MEDPRO does not seek recovery from the Secretary, CMS or DHHS under Court II at this time.

52. MEDPRO realleges and incorporates by reference ¶¶ 1-42.

53. That pursuant to 42 USC 1320c-6(b), ADVANCEMED may be found civilly liable under the law of the United States or of any state where due care was not exercised in the performance of its duties, function or activities.

54. That at all times relevant, ADVANCEMED had an obligation as a ZPIC to follow all applicable laws relating to rebuttal statements to payment suspensions.

55. That ADVANCEMED's original notice of payment suspension of November 16, 2016 represented the following to MEDPRO:

> Pursuant to 42 C.F.R. §405.372(b)(2), you have the right to submit a rebuttal statement in writing addressing why the suspension should be removed. You may include with this statement any evidence you believe is pertinent to your reasons why the suspension should be removed … If you submit a rebuttal statement, CMS will review that statement **(and any**

**supporting documentation) along with other materials associated with the case.** That this representation was untrue.

Emphasis added.

56. That MEDPRO relied upon ADVANCEMED's statements regarding review of additional documentation including medical records in preparing its rebuttal statement.

57. That MEDPRO expended significant resources and financial capital to prepare and transmit the response to ADVANCEMED.

58. That in its response of December 28, 2016 to MEDPRO's rebuttal statement ADVANCEMED further represented:

> After reviewing the statement, **supporting documentation** and the facts and law supporting suspensions, CMS has decided to continue to suspension of payment.

Emphasis added.

59. That the representations made in the original payment suspension and the rebuttal statement are false considering AdvancedMed's Representations to MEDPRO on January 6, 2017.

60. That MEDPRO had a right to rely upon and did rely to its detriment upon ADVANCEMED's representation in the notice of suspension that it would review the additional documents as attached to the Rebuttal Statement.

61. That ADVANCEMED's actions in failing to review the medical records are upon information & belief were not authorized by the Secretary.

62. That the above conduct of ADVANCEMED were in derogation of its obligation of due care to follow the well settled review requirements as imposed by the Medicare Act and applicable rules and regulations.

63. That ADVANCEDMED was aware of the obligations of the Medicare Act and applicable rules and regulations relating to the review of rebuttal statements and additional

9

documents and ADVANCEMED's failure of review in light of such knowledge was international and in derogation of its obligation of due care.

64. That had MEDPRO known that ADVANCEMED representations were untrue (i.e. that ADVANCEMED would review the additional documents in violation of the law), MEDPRO could have taken timely and additional steps to avoid further damages.

65. That MEDPRO's reliance upon ADVANCEMED's representation, has resulted in the continued payment suspension in excess of $300,000 and growing every day, has had to expend significant financial resources to maintain its business has been forced to lay off a significant amount of workforce, is at great risk of significant present and future financial damages including in the loss of profit due to having to close down its business due to the sheer lack of funds to meet its payment obligations, including but not limited to payroll.

66. That MEDPRO continues to suffer financial harm in its failure to continue business operations as well as in litigation costs sustained because of the misrepresentation.

## CLASS ALLEGATIONS

67. Pursuant to Fed. R. Civ. P 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all healthcare providers including home healthcare agencies (b) who, or or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received notices of payment suspension pursuant to 42 C.F.R §405.371 from ADVANCEMED, (d) for which ADVANCEMED notified the provider of the right to submit rebuttal statements with additional documentation, (e) who submitted rebuttal statements with additional documentation to ADVANCEMED, (f) for which AdvancedMed did not review the additional documentation in violation of the Notice of Payment Suspension and requirements under Federal Law.

68. That the class is so numerous that joinder of all members in impractical. Plaintiff alleges that on information and belief that there are more than 40 members of the class.

69. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a. Whether ADVANCEMED engaged in a pattern of sending out Notices of Payment Suspension that notifying the agency of the right to submit additional documentation in rebuttal of the payment suspension;

   b. Whether ADVANCEMED reviewed the additional documentation in support of the rebuttal statement;

   c. The manner in which ADVANCEMED responded to the rebuttal statement, including through boilerplate response indicating that ADVANCEMED consideration of the additional documentation, when it did not;

   d. In the practice of continuing payment suspensions without review of additional documentation as required by the applicable Medicare rules and regulations; and/or,

   e. Whether ADVANCEMED's misrepresentation was fraudulent.

70. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving ZPIC payment suspensions. Neither plaintiff nor plaintiff's counsel have any interests that might cause them not to vigorously pursue this action.

71. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

72. A class action is the superior method of the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

73. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, MEDPRO requests that the Honorable Court enter a judgment and decree:

11

A. That pursuant to the doctrine of Mandamus, order the Secretary to immediately order a review MEDPRO's Rebuttal Statement in its entirety including but not limited to the additional documentation submitted;

B. That this Honorable Court find and declare that ADVANCEMED materially mispresented that it would & did review MEDPRO'S rebuttal statement and that such material misunderstanding was fraudulent;

C. That this Honorable Court find and declare that ADVANCEMED breached its duty of due care in its failure to review the additional documents submitted with MEDPRO'S rebuttal statement in derogation of the Medicare Act and all applicable rules and regulations;

D. That MEDPRO had a right to rely and did rely upon ADVANCEMED's representations to its detriment;

E. That this Honorable Court grant the right of Certification of the Class and to find and award damages as appropriate to the Class;

F. That this Honorable Court grant judgment in favor of MEDPRO against ADVANCEMED in the form of actual damages, punitive damages, attorney's fees and costs of suit; and.

  G. such other or further relief as the Court may deem just and proper.

Dated: February 28, 2017

              Respectfully submitted,

              JURISPRUDENCE HEALTH LAW GROUP, PC


              By:  /s/ Michael J. Raiz
              Michael J. Raiz – 6220425
              mraiz@jurisprudencehealth.com
              Lesley R. Arca – 6315184
              larca@jurisprudencehealth.com
              1260 Iroquois Avenue, Suite 104
              Naperville, IL 60563
              (630) 995-9220

              Attorneys for Plaintiff
              MedPro Health Providers, LLC